IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLARA DANIELS, ET AL.

v.     Civil No. 17-cv-00982-ELH

THE CARTER-JONES
LUMBER COMPANY, ET AL.

******

**MEMORANDUM OPINION**

On April 10, 2017, plaintiffs Clara and Robert Daniels filed suit against three defendants: The Carter-Jones Lumber Company ("Carter-Jones Lumber"); E3 Holdings, LLC ("EnerLux"); and "John Doe" as "Owner Of Transport Company." ECF 1. Plaintiffs seek damages for negligence, negligent supervision, and loss of consortium as a result of an accident that occurred on April 11, 2014, during the course of delivery of home windows. *Id.*[1] Subject matter jurisdiction is founded on diversity of citizenship. *See* 28 U.S.C. § 1332.

In an Amended Complaint filed on August 31, 2017 (ECF 26), *i.e.*, after the expiration of the statute of limitations, plaintiffs identified J.B. Hunt Transport, Inc. as the third defendant. J.B. Hunt has moved to dismiss the claims against it, arguing that, under Maryland's statute of limitations, the suit was untimely filed. ECF 31 ("Motion"). Plaintiffs oppose the Motion (ECF 33), supported by a memorandum (ECF 33-1) (collectively, "Opposition"). J.B. Hunt has replied. ECF 34; ECF 34-1 (collectively, "Reply").

---

[1] This case was initially assigned to Judge Motz. It was reassigned to me on October 24, 2017. *See* Docket.

No hearing is necessary to resolve the Motion. *See* Local Rules 105.6. For the reasons that follow, I shall grant J.B. Hunt's Motion.

## I. BACKGROUND

In 2014 plaintiffs, who are domiciled in West Virginia, purchased custom manufactured windows from EnerLux for a home then under construction in West Virginia. ECF 26, ¶¶ 4, 5, 12, 15, 16. EnerLux hired J.B. Hunt to deliver the windows to Carter-Jones Lumber, a building supply company, which was to store the windows at its premises in Hagerstown, Maryland, until they were ready for installation. *Id.* ¶¶ 12, 16, 17, 19, 70. On April 11, 2014, plaintiffs arrived at Carter-Jones Lumber to inspect the windows. *Id.* ¶¶ 18, 20. J.B. Hunt's tractor trailer was backed into a loading bay. *Id.* ¶ 23. Ms. Daniels was concerned about the way in which the windows were packed (*id.* ¶ 23), and climbed aboard J.B. Hunt's tractor trailer in an attempt to determine whether any windows had been damaged "because of the negligent packing . . . ." *Id.* ¶ 28. Plaintiffs allege that at some point while Ms. Daniels was on the truck and the windows were being unloaded, several suddenly toppled onto her, causing very serious injuries to her. *Id.* ¶¶ 29-36.

On April 10, 2017, just before the expiration of the three-year statute of limitations applicable for a negligence action in Maryland, plaintiffs filed suit against EnerLux, Carter-Jones, and "John Doe[,] Owner of Transport Company." ECF 1. On July 13, 2017, plaintiffs sought to amend their complaint to replace "John Doe" with named defendant J.B. Hunt. ECF 22. Plaintiffs were notified that if they wished to amend their Complaint they needed to obtain leave of the court. ECF 23. They subsequently sought such leave on July 21, 2017 (ECF 24), which the court granted on August 31, 2017. ECF 25. The Amended Complaint was docketed that same day. ECF 26. J.B. Hunt was served with a summons on September 1, 2017. ECF 31.

## II. STANDARD OF REVIEW

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ___, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide a defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Of import here, courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *accord King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also Meridian Investments, Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 577 (4th Cir. 2017) ("A defendant's claim that an action is time-barred is an affirmative defense that it can raise in a motion to dismiss when the 'face of the complaint includes all necessary facts for the defense to prevail.'") (citation omitted). However, because

Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

### III.    DISCUSSION

#### A.

In regard to state law claims under diversity jurisdiction, federal courts apply federal procedural law and the substantive law of the state in which the proceeding is brought. *See, e.g.*, *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Leichling v. Honeywell Intern., Inc.*, 842 F.3d 848, 851 (4th Cir. 2016); *see also Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 74 (4th Cir. 2016); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). And, federal courts apply the choice of law rules of the state in which the court sits, unless a compelling federal interest directs otherwise. *See, e.g.*, *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 652-53 (4th Cir. 2010); *see also Prof'l Massage Training Cent., Inc. v. Accreditation Alliance of Career Schools and Colls.*, 781 F.3d 161, 180 (4th Cir. 2015); *Demetres v. E. W. Const. Inc.*, 776 F.3d 271, 273 (4th Cir. 2015); *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 696 (D. Md. 2011).

In tort cases, Maryland applies the doctrine of *lex loci delecti*, *i.e.*, the law of the jurisdiction where the alleged wrong occurred. *Lewis v. Waletzky*, 422 Md. 647, 657, 31 A.3d 123, 129 (2011); *Erie Ins. Exch. v. Heffernan*, 399 Md. 598, 620, 925 A.2d 636, 648 (2007);

5

*Kortobi v. Kass*, 182 Md. App. 424, 443, 957 A.2d 1128, 1139 (2008), *aff'd*, 410 Md. 168, 978 A.2d 247 (2009). Therefore, Maryland's substantive law applies here.

Under Maryland law, the statute of limitations for a negligence action is generally three years. *See* Md. Code (2013 Repl. Vol.), § 5-101 of the Courts and Judicial Proceedings Article ("C.J."). C.J. § 5-101 provides, in part: "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period. . . ."

There is no dispute that the negligence claims accrued on April 11, 2014. Therefore, a complaint that accuses a defendant of negligence must be filed within three years of the allegedly negligent conduct.

The initial Complaint, which named "John Doe Owner of Transport Company," instead of "J.B. Hunt Transport, Inc.", was filed on April 10, 2017, just before the expiration of limitations. ECF 1. An Amended Complaint, which named "J.B. Hunt Transport, Inc." in place of "John Doe Owner of Transport Company", was filed on August 31, 2017, after the expiration of limitations. ECF 26. Thus, the question before the Court is whether, under Fed. R. Civ. P. 15(c), the Amended Complaint relates back to the date of the filing of the initial Complaint.

I conclude that the Amended Complaint does not relate back. Therefore, plaintiffs' claims against J.B. Hunt are barred by the Maryland statute of limitations.

**B.**

Under certain circumstances, a court must treat an amended complaint as if it were filed on the date of the initial complaint. This convention is known as "relation back." *See* Fed. R. Civ. P. 15(c). According to Fed. R. Civ. P. 15(c)(1)(C), where an amended pleading "changes the party or the naming of the party against whom a claim is asserted," the amended pleading "relates back to the date of the original pleading," if:

> Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In other words, for an amended suit to relate back, three requirements must be met. First, Rule 15(c)(1)(B) must be satisfied. *See* Fed.R.Civ.P. 15(c)(1)(C). Rule 15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading. . . ." This requirement is plainly satisfied.

Second, the defendant must have received notice of the action within the period provided by Rule 4(m), such that it will not be prejudiced in defending itself on the merits. *See* Fed. R. Civ. P. 15(c)(1)(C)(i). Rule 4(m) provides for service on a defendant within 90 days after the complaint was filed. Here, J.B. Hunt did not receive notice within the original Rule 4(m) period.

Third, it is required that the defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See* Fed.R.Civ.P. 15(c)(1)(C)(ii). In my view, the third requirement has not been met.

J.B. Hunt's primary argument as to why the third requirement has not been met is that the naming of "John Doe" as a defendant does not constitute a "mistake" for purposes of Rule 15(c)(1)(C)(ii). ECF 32, ¶ 10. In its initial brief, defendant points to *Barnes v. Prince George's County, Md., et al.*, 214 F.R.D. 379 (D. Md. 2003), in support of this proposition. *Id.* In that case Judge Chasanow relied on "near unanimity among the circuits and the explication by the [Notes of the Advisory Committee on Rules accompanying the 1991 Amendment to Rule 15(c)]," in finding that she could not "say that the naming of John Doe as a defendant constitutes the requisite mistake for the purposes of relation back." *Id.* at 382.

In its Reply (ECF 34-1), J.B. Hunt points, *inter alia*, to *Locklear v. Bergman & Beving AB*, 457 F.3d 363 (4th Cir. 2006), to support its position. In *Locklear*, the Court noted that although Rule 15(c) "speaks broadly of a 'mistake concerning the identity of the proper party,'" the Fourth Circuit has, "in analyzing the scope of this rule, distinguished between mistake due to lack of knowledge and mistake due to a misnomer. In so doing, [it has] not viewed lack of knowledge of the proper party to be sued as a 'mistake' as that term is used" in the Rule. *Id.* at 366. Further, the Court noted "the weight of federal case law holding that the substitution of named parties for 'John Doe' defendants does not constitute a mistake." *Id.* at 367 (citing *Wayne v. Jarvis*, 197 F.3d 1098, 1103-04 (11th Cir. 1999); *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995); *Wilson v. United States Gov't*, 23 F.3d 559, 563 (1st Cir. 1994)).

In their Opposition, plaintiffs assert: "The only difference between the pleadings was a technicality . . . ." ECF 33-1 at 4. In their view, J.B. Hunt "was described descriptively" in the Complaint, and the Complaint and the Amended Complaint are "substantively identical." *Id.* Further, they argue that, under the "shared attorney method," notice was imputed to J.B. Hunt because it shares a lawyer with EnerLux. *Id.* at 5.[2] Moreover, plaintiffs maintain that *Barnes*, 214 F.R.D. 379, "has not been universally accepted," and J.B. Hunt's reliance on *Barnes* is "misplaced." *Id.* at 6.

Plaintiffs rely, *inter alia*, on *Arthur v. Maersk, Inc.*, 434 F.3d 196 (3d Cir. 2006). In that case, a divided panel of the Third Circuit said: "A 'mistake' is no less a 'mistake' when it flows

---

[2] Plaintiff does not identify any facts that indicate that J.B. Hunt and EnerLux shared counsel prior to the filing of suit, such that counsel's knowledge of the suit was imputed to J.B. Hunt.

from a lack of knowledge as opposed to an inaccurate description." *Id.* at 208. Therefore, the court reasoned that it is "of no consequence that [plaintiff's] mistake resulted from lack of knowledge, rather than mere misnomer." *Id.* The court acknowledged that "a majority of courts have held that only a 'misnomer or misidentification' of an existing party can constitute a 'mistake concerning the identity of a proper party' under Rule 15(c)," but it found that "there is no linguistic basis for this distinction." *Id.* The court reasoned that "both errors render the plaintiff unable to identify the potentially liable party and unable to name the party in the original complaint." *Id.* Therefore, it concluded, *id.* at 209: "An amendment naming a new party will relate back . . . if the party had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake—whether the mistake is based on lack of knowledge or mere misnomer."

According to plaintiffs, the interpretation articulated in *Arthur* "has been explicitly accepted by the Fourth Circuit." ECF 33-1 at 6. In *Goodman v. Praxair, Inc.*, 494 F.3d 458 (4th Cir. 2007) (en banc), the Fourth Circuit cited *Arthur*, but only in support of a general point: instead of focusing on the proper interpretation of the term "mistake," courts should focus on interpreting the specific requirements of Rule 15(c) in light of the Rule's general purpose—ensuring that a party added to a case after the expiration of limitations had notice of the case prior to the expiration of limitations.

The *Goodman* Court's citation to *Arthur* proves far less than plaintiffs claim it does. In fact, later in the *Goodman* opinion, the Fourth Circuit pointed out that, "while parsing among different kinds of mistakes does not typically aid application of the Rule, naming Doe defendants self-evidently is no 'mistake' such that the Doe substitute has received proper notice." *Id.* at 471.

9

Plaintiffs cite only one other case in support of their position: *McKnight v. Iceberg Enterprises LLC*, 2012 WL 2418870 (D.S.C. 2012). In *McKnight*, the court disregarded the mountain of case law suggesting that naming a John Doe defendant is not a "mistake" for purposes of Rule 15(c). It did so because the plaintiff "did not simply name a Doe defendant, but also served [the substituted party] within the Rule 4(m) period," and there was "evidence that [the substituted party] had notice that a claim could be brought by [plaintiff] prior to the expiration of the statute of limitations." *Id.* at *4. Under such circumstances, the court believed it was appropriate to allow relation back, especially in light of the Supreme Court's express admonition that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).

*McKnight* alone does not outweigh the many cases holding that naming "John Doe" as a defendant does not constitute a "mistake" for purposes of Rule 15(c)(1)(C). However, *McKnight*, like *Goodman*, correctly points out that the proper focus of the Rule 15(c) inquiry is not the nature of the plaintiff's "mistake," but "what the party to be added knew or should have known" prior to the expiration of the statute of limitations. *See Krupski*, 560 U.S. at 541. Indeed, the Supreme Court expressed this principle quite clearly in *Krupski*, a case that, surprisingly, neither side has cited.

In *Krupski*, the plaintiff was injured on a cruise ship. Her ticket was issued by Costa Cruise Lines ("Costa"), the original defendant, but the ticket identified Costa Crociere S.p.A. ("Crociere") as the carrier and required notice to the carrier. Suit was timely filed against Costa. After limitations expired, the plaintiff was granted leave to amend to add Crociere as a defendant. But, the district court and the Eleventh Circuit concluded that, under Fed. R. Civ. P.

15(c), the amendment did not relate back to the date of the timely filed complaint under Rule 15(c). The Supreme Court reversed.

The Supreme Court made clear that any focus on the plaintiff's knowledge as to the proper defendant was "the wrong starting point." 560 U.S. at 548. It said, *id.*: "The question under Rule 15(c)(1)(C)(ii) is not whether Krupski knew or should have known the identity of Costa Crociere . . . but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error." The Court added, *id.*: "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint.[]" (Emphasis in original). Moreover, the Court observed that "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Id.*

In addition, the Court reasoned that Rule 15(c)(1)(C)(ii) is not met when "the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity . . . ." *Id.* at 552. Notably, "the amending party's diligence" is not a factor. *Id.* at 553.

In *Krupski*, the two defendant entities were clearly related. And, the Court observed that the complaint "made clear" that the plaintiff "meant to sue the company that 'owned, operated, managed . . . and controlled' the ship . . . .", *i.e.*, Crociere, not Costa. *Id.* at 554 (citation omitted). Thus, the failure to name the proper party was a mistake. *Id.* at 556. In reaching its decision, the Court pointed to the "interrelationship" between the two defendants and the similarity of their names, which "heighten[ed] the expectation that Costa Crociere should suspect a mistake [was] made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities." *Id.*

These facts are markedly different from the facts in the case *sub judice*. There is no apparent corporate relationship between J.B. Hunt, a trucking company, and the other defendants.

Post-*Krupski*, I must ask what J.B. Hunt knew or should have known prior to the expiration of the statute of limitations. There is no basis in the submissions to establish that, prior to the expiration of the statute of limitations, J.B. Hunt knew or should have known that it would be sued, but for a mistake by plaintiffs in suing John Doe. Plaintiffs point out that J.B. Hunt was present at the time of the injury, that the injury occurred under the observation of J.B. Hunt's driver, and that J.B. Hunt now has the same attorney as EnerLux. From this, they conclude that J.B. Hunt must have known that plaintiffs would sue them for negligence prior to the expiration of limitations.

I fail to see how this conclusion follows from these facts. That J.B. Hunt now has the same lawyer as EnerLux is not probative of notice to J.B. Hunt. It does not establish that the two entities shared representation before or when the suit was filed. That J.B. Hunt and EnerLux now have the same attorney does not suggest anything about what J.B. Hunt knew or should have known *during the limitations period*. Indeed, individuals and corporations who are involved in accidents are not always sued.

Moreover, unlike in *Krupski*, there is no indication of any corporate "interrelationship" between J.B. Hunt and the other defendants, nor a similarity of names. There is no indication that J.B. Hunt's conduct led to any confusion as to the proper defendant. *See Krupski*, 560 U.S. at 556.

After engaging in the analysis in the manner directed by the Supreme Court in *Krupski*, I arrive at the same result reached by the pre-*Krupski* cases cited by plaintiffs. In some sense, the

pre-*Krupski* inquiry and the post-*Krupski* inquiry are simply two sides of the same coin. Pre-*Krupski*, courts refused to allow relation back in cases like this on the grounds that there is no "mistake" where a plaintiff does not know the true identity of the party it wishes to sue and therefore names "John Doe" as a defendant. Post-*Krupski*, courts will refuse to allow relation back in cases like this on the grounds that when a plaintiff names "John Doe" as a defendant, the substituted defendant will have had no way of knowing—absent circumstances like those present in *McKnight*—that plaintiffs actually meant to file suit. Both approaches lead to the same conclusion: an amended pleading brought after the expiration of the statute of limitations is not saved by the doctrine of relation back simply because the plaintiff sued a "John Doe" defendant prior to the expiration of the statute of limitations.

## IV.   CONCLUSION

For these reasons, plaintiffs' Amended Complaint does not relate back under Fed. R. Civ. P. 15(c). Their claims against defendant J.B. Hunt are therefore barred by the relevant statute of limitations. Accordingly, I shall grant defendant J.B. Hunt's motion to dismiss.

An Order follows.

November 16, 2017　　　　　　　　　　　　　　　／s／
Date　　　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　　　　United States District Judge