IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

____FILED____ ____ENTERED
____LODGED____ ____RECEIVED

APR 1 7 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

CLARA DANIELS, *et al.*

    *Plaintiffs,*

    v.

THE CARTER-JONES LUMBER
COMPANY, *et al.*

    *Defendants.*

Civil Action No. ELH-17-982

## MEMORANDUM

In this tort litigation, plaintiffs Clara Daniels and Robert Daniels have sued The Carter-Jones Lumber Company, d/b/a Carter Lumber Company ("Carter Lumber"), and E3 Holdings, LLC, d/b/a EnerLux Windows and Doors ("EnerLux"). *See* ECF 26 ("Amended Complaint").[1] They allege, *inter alia*, that due to the negligence of EnerLux and Carter Lumber, Ms. Daniels sustained physical injuries while inspecting custom made windows that fell on her. *Id.*

Several motions are now pending before the Court. On January 16, 2018, EnerLux filed a "Motion to Strike Plaintiffs' Supplemental Rule 26(a)(2) Disclosures" of expert witnesses (ECF 45), supported by a memorandum of law (ECF 45-1) (collectively, the "Motion to Strike"), and exhibits. *See* ECF 45-2 through ECF 45-7. Carter Lumber has joined in the Motion to Strike. ECF 46. Plaintiffs oppose to the Motion to Strike (ECF 52), with a memorandum of law (ECF 52-1) and exhibits. *See* ECF 52-2 through ECF 52-4. EnerLux has replied (ECF 55), with a supporting memorandum of law (ECF 55-1) and additional exhibits. *See* ECF 55-2 through ECF 55-4.

---

[1] In the Amended Complaint (ECF 26), plaintiffs also sued J.B. Hunt Transport, Inc. ("J.B. Hunt"). However, by Memorandum Opinion (ECF 37) and Order (ECF 38) of November 16, 2017, I granted J.B. Hunt's motion to dismiss (ECF 32).

Plaintiffs subsequently filed a "Motion for Leave to File a Sur Reply in Further Opposition . . ." to the Motion to Strike (ECF 60), supported by a memorandum of law (ECF 60-1) (collectively, the "Surreply Motion") and an exhibit. *See* ECF 60-2. In the Surreply Motion, plaintiffs ask the Court to grant leave to file a surreply "because EnerLux made arguments in its Reply Memorandum" that are "in direct violation of the deadlines and Procedures set by the Court's 1-17-18 Order." ECF 60 (citing ECF 48). Defendants have not responded to the Surreply Motion (*see* Docket), and the time to do so has expired. *See* Local Rule 105.2.a ("[A]ll memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion[.]").

On January 17, 2018, EnerLux filed a "Motion in Limine for Pre-Trial Order Precluding Plaintiff, Robert Daniels From Offering Expert Testimony" (ECF 47), along with a memorandum of law (ECF 47-1) (collectively, the "Motion in Limine"), and one exhibit. *See* ECF 47-2 (portions of the deposition transcript of Mr. Daniels). Plaintiffs oppose the Motion in Limine (ECF 53), supported by a memorandum of law (ECF 53-1) and more than a hundred pages of exhibits. *See* ECF 53-2 through ECF 53-5. EnerLux has filed a reply (ECF 59), along with a memorandum of law (ECF 59-1) and additional exhibits. *See* ECF 59-2; ECF 59-3.[2]

No hearing is necessary to resolve the motions. *See* Local Rules 105.6. For the reasons that follow, I shall deny, as moot, the Motion to Strike and the Surreply Motion. And, I shall deny, without prejudice, the Motion in Limine, on the ground that it is premature.

---

[2] Also pending before the Court are two motions for summary judgment. *See* ECF 50 (EnerLux's Motion for Summary Judgment); ECF 51 (Carter Lumber's Motion for Summary Judgment). This Memorandum does not address the summary judgment motions.

## I.    Factual and Procedural Background[3]

Clara and Robert Daniels are residents of West Virginia. ECF 26, ¶¶ 4-5. EnerLux is a manufacturer of windows. *Id.* ¶ 6. Carter Lumber is a "building supply company." *Id.* ¶ 10.

In 2014, plaintiffs purchased custom manufactured windows from EnerLux for their home in West Virginia, which was then under construction. *Id.* ¶¶ 4-5, 12, 15-16. EnerLux had the windows delivered to Carter Lumber, which was to store them at its premises in Hagerstown, Maryland, until they were ready for installation. *Id.* ¶¶ 12, 16-17, 19, 70.

On April 11, 2014, plaintiffs arrived at Carter Lumber to inspect the windows. *Id.* ¶¶ 18, 20. Plaintiffs aver that Ms. Daniels was concerned about the way in which the windows had been packed (*id.* ¶ 23), and apparently climbed aboard the tractor trailer to inspect the windows for damage. *Id.* ¶ 28. Employees of Carter Lumber began to offload the windows from the tractor trailer (*id.* ¶ 27), and Ms. Daniels "stood inside the truck so that she could observe each window as it was removed to determine whether there had been any damage" due to the "packing and transport[.]" *Id.* ¶ 28. According to plaintiffs, after nearly all of the windows had been removed from the truck, and while Ms. Daniels "was standing alone in the trailer", several large windows "toppled" onto her (*id.* ¶ 30), causing serious injuries to Ms. Daniels. *Id.* ¶¶ 32-36.

Plaintiffs filed suit in April 2017 (ECF 1) ("Complaint"), and lodged an Amended Complaint in August 2017 (ECF 26). Judge J. Frederick Motz, to whom the case was initially assigned, issued a Scheduling Order on June 20, 2017 (ECF 19), with a discovery deadline of October 19, 2017. *Id.* at 2. That deadline was subsequently extended to November 29, 2017. *See* ECF 28 (Joint Motion); ECF 29 (Order).

---

[3] I shall limit the factual and procedural background to include only matters of relevance to this Memorandum.

The case was reassigned to me on October 24, 2017. *See* Docket. By Order of November 30, 2017 (ECF 41), I granted the parties' Joint Motion for Modification of the Scheduling Order (ECF 39), extending the discovery deadline to January 15, 2018. *See* ECF 41. On January 16, 2018, plaintiffs unilaterally asked the Court to modify the Scheduling Order so as to provide additional time to issue expert reports and depose three medical experts: "Dr. Thomas Amalfitano, Laura Fox and Dr. Steven Worrell." ECF 44.

By Order signed January 16, 2018 (ECF 48), and docketed on January 17, 2018, I granted the motion, extending the discovery deadline to February 28, 2018. *Id.* However, I also granted defendants the opportunity, by January 24, 2018, to move to rescind the Order. *Id.* Notably, defendants never moved to rescind. *See* Docket.

Also on January 16, 2018, EnerLux filed its Motion to Strike. ECF 45. It seems that the motion was docketed after the Court had already approved ECF 44, but before the Order (ECF 48) was docketed.

In the Motion to Strike, EnerLux stated that plaintiffs "originally named Dr. Scott P. Worrell, and Dr. Allen Hu, as treating medical providers expected to be called at trial." ECF 45, ¶ 2. They also asserted that on November 20, 2017, "*after the deadline to do so*", plaintiffs "filed a supplemental Rule 26(a)(2) disclosure . . . naming Dr. Thomas Amalfitano and Laura Fox, as expert witnesses retained for the purposes of litigation." *Id.* (Emphasis in original). In making that assertion, EnerLux seems to have overlooked that on November 30, 2017, the parties filed a joint motion for modification of the Scheduling Order (ECF 39), which I granted that same day (ECF 41). Therefore, discovery was extended until January 15, 2018, to provide time for the depositions and reports of additional medical experts. ECF 41, ¶¶ 3-4.

Further, EnerLux stated: "**No reports from either witness were included in the designation.**" ECF 45, ¶ 2 (emphasis in original). EnerLux argued that allowing plaintiffs to admit at trial the expert testimony of Dr. Amalfitano and Dr. Fox would be prejudicial to EnerLux. *Id.* ¶ 4. Accordingly, EnerLux asked the Court to strike plaintiff's Supplemental Rule 26(a)(2) disclosure, and to exclude Dr. Amalfitano and Dr. Fox "from testifying or offering any opinions at trial[.]" *Id.* at 2.

Then, on January 17, 2018, EnerLux filed the Motion in Limine. ECF 47. It seeks to bar Mr. Daniels, who is experienced in the packaging of heavy objects, from offering opinion evidence as to the standard of care and the cause of the occurrence, because he was not identified as an expert. *Id.*

Additional facts are included in the Discussion.

## II.   Discussion

### A.

Fed. R. Civ. P. 26(a)(2)(A) requires all parties to "disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Moreover, "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony[.]" Fed. R. Civ. P. 26(a)(2)(B). However, if a party fails to provide the information required under Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

The initial deadline for plaintiffs' Rule 26(a)(2) disclosures was August 7, 2017; the initial deadline for plaintiffs' rebuttal Rule 26(a)(2) disclosures was September 18, 2017; and the

initial discovery deadline was October 19, 2017. *See* ECF 19 at 1-2. By two joint requests (ECF 28; ECF 39), the discovery deadline was extended to January 15, 2018, in order "to complete the depositions of additional medical witnesses" and for the issuance of expert reports. ECF 41 at 1-2. Then, by Order signed January 16, 2018 (ECF 48), I granted plaintiffs' unilateral motion for extension of the discovery deadline to February 28, 2018, so as to allow additional time for the expert medical witnesses to be deposed and to issue reports. In that Order, I stated that "by January 24, 2018, defendants may move to rescind th[e] Order as improvidently granted." ECF 48 at 1. However, defendants did not move to rescind the Order. *See* Docket.

EnerLux asks the Court to strike plaintiffs' Supplemental Rule 26(a)(2) disclosure and to exclude Dr. Amalfitano and Dr. Fox from testifying or offering opinions at trial. ECF 45 at 2. In plaintiffs' opposition to the Motion to Strike, they claim, *inter alia*, that the Order signed January 16, 2018 (ECF 48) rendered moot the Motion to Strike, because the Order extended the discovery deadline for the purpose of deposing the additional medical experts and issuing additional expert reports. *See* ECF 52 at 1.

EnerLux filed its reply on February 6, 2018 (ECF 55), before the close of discovery. It contends that its Motion to Strike is not moot because plaintiffs had "not fully complied with the requirements of 26(a)(2)." ECF 55-1 at 3. In particular, EnerLux states that plaintiffs "**still have not provided Laura Fox's report and hope to supplement Dr. Amalfitano's report following an additional physical examination**[.]" ECF 55-1 at 2 (emphasis in original).

When EnerLux filed its Motion to Strike (ECF 45) and its reply (ECF 55), discovery was still in progress, for the express purpose of allowing additional time for the expert witnesses to be deposed and to file reports. *See* ECF 48. Accordingly, the Motion to Strike was premature. Moreover, after the completion of discovery on February 28, 2018 (ECF 48), EnerLux did not

claim that plaintiffs failed to provide the requisite reports or access to any witnesses for deposition. *See* Docket.

Accordingly, I shall deny the Motion to Strike, as moot. Therefore, I need not consider the Surreply Motion, as the denial of the Motion to Strike renders the Surreply Motion moot.

**B.**

In its Motion in Limine (ECF 47), EnerLux observes that Mr. Daniels testified at his deposition that "he has experience and knowledge of how to package 'anything.'" ECF 47, ¶ 2 (citation omitted by EnerLux). Further, EnerLux recounts that Mr. Daniels testified that "he gained experience in the 'warehouse management' field during his career as a chemical engineer" and that, in his opinion, the windows fell on Ms. Daniels because (1) "'there was no dunnage in the truck;'" (2) "'the straps were not strong enough to retain the windows against the side of the truck;'" and (3) "'the packaging on the windows created an additional opportunity for them to shift toward the middle of the truck because the packaging at the bottom of the window was narrower than the packaging at the top, causing a natural fan, from the very beginning of the shipment.'" ECF 47-1 at 3 (citing and quoting ECF 47-2 at 13-33).

However, EnerLux states that plaintiffs "did not designate any expert witnesses to discuss potential liability, or the standard of care for packaging windows in this case." *Id.* ¶ 3. Accordingly, EnerLux asks the Court to preclude Mr. Daniels "from offering expert testimony regarding the standard of care for packaging and shipping windows or any breach thereof[.]" ECF 47-1 at 1. Plaintiffs counter that "Mr. Daniels' testimony is not expert in nature", but rather that of a lay witness properly admissible under Fed R. Evid. 701, and they ask the Court to deny the Motion in Limine. ECF 53 at 1; *see also* ECF 53-1 at 6-9.

"A motion *in limine* is a request for guidance by the court regarding an evidentiary

question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). Fed. R. Evid. 104(a) allows courts to "decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."

Motions in limine help to streamline a case, because such motions "enable[] a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'" *INSLAW, Inc. v. United States*, 35 Fed. Cl. 63, 65-66 (1996) (citation omitted). To be sure, rulings on such motions assist counsel in preparation for trial. However, such rulings are preliminary, and are made in the discretion of the court. *Luce*, 713 F.2d at 1239-40. When the evidence is actually offered at trial, the trial court may opt to change its ruling. *Id.* at 1239.

Here, the Motion in Limine seeks "a pre-trial order precluding Plaintiff, Robert Daniels, from offering any opinions regarding the standard of care for packaging windows, or whether EnerLux breached that standard." ECF 47 at 1. The Court notes, however, that no trial date has been set. Accordingly, I shall deny the Motion in Limine as premature, and without prejudice to the right of EnerLux to renew its Motion in Limine at the appropriate time.[4]

### III. Conclusion

For the foregoing reasons, I shall deny, as moot, the Motion to Strike and the Surreply Motion. And, I shall deny the Motion in Limine, as premature, and without prejudice. An Order follows.

---

[4] As noted, two motions for summary judgment are pending in this litigation. *See* ECF 50; ECF 51. To the extent the summary judgment motion filed by EnerLux challenges the deposition testimony of Mr. Daniels (*see, e.g.*, ECF 50-1 at 3), I shall review the deposition transcript of Mr. Daniels in the context of that motion.

Date:  April 17, 2018

                                                      /s/
                                          Ellen Lipton Hollander
                                          United States District Judge